IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| C.D.T., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 22-CV-178 (TQL) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Plaintiff filed this Social Security appeal on November 6, 2022, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff's applications for disability and Supplemental Security Income benefits were filed in June 2020. (T-167-182). These applications were denied initially and upon reconsideration. (T-79-88, 91-98). Following a hearing before an ALJ, the ALJ issued an unfavorable decision on January 26, 2022. (T-12-29). The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-1-6).

*Statement of Facts and Evidence*

Plaintiff, born on December 7, 1969, was 52 years of age at the time of the ALJ's decision. (T-221). Plaintiff alleges disability since March 15, 2020, due to torn knee ligaments, sinusitis, and arthritis in his back. (T- 221, 64). Plaintiff completed the 12th grade and has past relevant work experience as a laborer and handy man. (T-35, 212).

As determined by the ALJ, Plaintiff suffered from severe impairments in the form of osteoarthritis of the bilateral knees, hypertension, and degenerative disc disease of the lumbar spine

with spondylosis status post back surgery. (T-17). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, but had the residual functional capacity to perform light work with certain restrictions. (T-18, 19). Although the ALJ found that Plaintiff could not perform any past relevant work, she received testimony from a Vocational Expert and determined that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and thus was not disabled. (T-23, 24).

## DISCUSSION

Plaintiff contends that the ALJ improperly discounted the opinions issued by consultative examiner Dr. Nakai and State agency reviewer Medeiros, and improperly relied on the opinion of State agency reviewer Dr. Hernandez.

As Plaintiff's claims for benefits were filed after March 27, 2017, new regulations apply to the consideration of medical opinions. *See* 20 C.F.R. § 404.1520c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

The record contains very little objective medical evidence. (T-295-426). In terms of treatment, the record reflects that in July 2019 Plaintiff sought treatment for right knee pain, and was diagnosed

3

as suffering from osteoarthritis in the right knee. (T-296). X-rays taken that day showed "mild narrowing of the medial compartment . . . [with] some moderate degenerative change noted in the patellofemoral joint . . . [and] a nonossifying component of the superolateral aspect of the patellar region, which is congenital and chronic in nature". (T-296-97). Plaintiff sought treatment for bilateral knee pain in the emergency room in September 2020. (T-296-297, 306-310). X-rays of Plaintiff's left knee in March 2021 showed no significant bony or soft tissue abnormality. (T-351). Plaintiff presented to the emergency room again on April 8, 2021, seeking medical clearance for detoxification from alcohol use. (T-359). Plaintiff's blood alcohol level was deemed too high for detoxification and he was discharged to home. (T-362).

Also included in the record evidence are opinions issued by Dr. Nakai, a consultative examiner, Mr. Medeiros, a physician's assistant who reviewed the medical record, and Dr. Hernandez, an Administration physician who reviewed the record after the initial denial of Plaintiff's applications. (T-339-46, 423, 64-69).

Dr. Nakai conducted a physical examination of Plaintiff on February 27, 2021, and noted in his findings that Plaintiff reported ligament tears in each knee, but Plaintiff had received only one steroid injection in the left knee and had not undergone any surgery or physical therapy due to financial issues. (T-339, 345). Reporting that Plaintiff experienced both knee and back pain, Dr. Nakai concluded that Plaintiff "has limitations in standing, walking, sitting, pushing, pulling, lifting, carrying. They [sic] can perform this action [sic] occasionally due to severe OA and back pain." (T-346).

Mr. Medeiros, a physician's assistant, reviewed Plaintiff's medical records and issued findings on October 27, 2021. (T-423). Mr. Medeiros concluded that Plaintiff was limited to lifting/carrying

4

10 pounds occasionally, standing/walking 2 hours in an 8-hour work day, and could only occasionally perform postural activity. *Id.*

Contrary to Plaintiff's assertions, the ALJ provided reasons for finding the opinions of Dr. Nakai and Mr. Medeiros less than fully persuasive, reasons which focus on supportability and consistency and are supported by substantial evidence. The ALJ

> also considered the opinion of Shuichi Nakai, M.D., internal medicine consultative examiner, who opined the claimant has limitations in standing, walking, sitting, pushing, pulling, lifting, and carrying. Dr. Nakai further opined that he can perform these actions occasionally due to severe osteoarthritis and back pain. His opinion is supported by his own examination findings, which reveal tenderness to palpation of the lumbar spine, severe crepitus, pain with range of motion of bilateral knees, discomfort getting on and off the examination table, reduced grip and pinch strength, inability to walk on heels and toes, discomfort with squats and rises, reduced range of motion of the lumbar spine and bilateral knees, 3/5 strength of the lower extremities, and positive straight leg raise tests. However, this is a one-time examination. Furthermore, these limitations are not consistent with other evidence of record, which shows only mild narrowing of the medial compartment, significant degenerative disc disease such as nerve root impingement or spinal stenosis, and a normal back examination, normal extremities, and normal gait in April 2021. Additionally, the claimant testified that he does not take any prescribed medications and relieves his pain with the over-the-counter medication. Lastly, the claimant's activities of daily living are not significantly impeded by his physical impairments, as he is able to perform personal care, prepare his own meals, perform household chores, and shop in stores with the use of a power cart. Therefore, this opinion is not persuasive.

(T-22), *internal citations omitted.*

In regard to Mr. Medeiros, the ALJ considered his opinion that Plaintiff could perform sedentary work with occasional postural activity, but found that the limitations cited were

> not supported by cited evidence, as he cites to objective imaging that shows only mild narrowing of the medial compartment, no more than

5

>moderate degenerative changes in the patellofemoral joints, and physical examinations that fail to reveal consistent strength or sensation deficits. These limitations are also not consistent with the other evidence in the record, in which the claimant testified that he could lift and carry 30 pounds, or a recent April 2021 emergency room visit that revealed normal back examination, normal extremities, normal gait, and no strength or sensation deficits. Furthermore, the claimant testified that he does not take any prescribed medications and relieves his pain with the over-the-counter medication. Therefore, the undersigned finds this portion of the opinion as not persuasive. However, based on the above findings, the undersigned finds occasional postural activity limitations as persuasive.

*Id., internal citations omitted.*

The ALJ's findings that the opinions issued by Dr. Nakai and Mr. Medeiros were not fully persuasive are supported by substantial evidence. The ALJ discussed the supportability and consistency of each opinion and provided specific reasons to find the opinions less than fully persuasive, based on the inconsistencies with the objective medical record and Plaintiff's own testimony about his physical abilities. The ALJ's consideration of the fact that Dr. Nakai performed only one examination of Plaintiff was proper under 20 C.F.R. § 404.1520c(c)(3), which provides that in analyzing medical source opinions, one of the factors that can be considered by the Administration is the relationship between the claimant and the medical source, specifically, the length of the treatment relationship and the frequency of examinations.

To the extent that Plaintiff asserts that the ALJ should have considered Plaintiff's lack of funds and insurance, mentioned in the medical treatment notes, the Court notes that the ALJ's findings that Plaintiff was not disabled were not "inextricably tied to [a] finding of noncompliance", and the ALJ was not required to consider Plaintiff's lack of funds or insurance. *Dawkins v. Bowen*, 848 F.2d 1211, 1213-14 (11th Cir. 1988) (if ALJ substantially relies on a claimant's noncompliance in finding

him not disabled, ALJ must take into account claimant's lack of insurance coverage).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 6th day of November, 2023.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**